Rafael Buscaglia, Treasurer of Puerto Rico, Petitioner, v. Tax Court of Puerto Rico, Respondent; María Collazo de Calaf et al., Interveners.

Nos. 43 and 60. Argued November 5, 1945.—Decided January 31, 1947.

*Jesús A. González, Acting Attorney General,* and *A. D. Marchand Paz, Assistant Attorney General,* for petitioner. *D. Guerrero Noble* for intervener.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

In four complaints filed with the Tax Court of Puerto Rico, the complainants alleged that in determining their net income subject to tax, the Treasurer had refused to grant them a deduction amounting to $54,462.64 for the year 1932, as depreciation of the properties of Central Monserrate, of which they are co-owners. The four complaints were jointly submitted upon a stipulation as to the essential facts of the case.

The Tax Court rendered a decision in favor of the complainants and against the Treasurer, stating that the former were entitled to deduct from their income for the year 1932 the sum of $54,462.64, as depreciation, in accordance with the holding of this court in *Loíza Sugar Co.* v. *Domenech, Treas.,* 44 P.R.R. 536, 539.

Notice of said decision was served on the Treasurer on February 14, 1945. Certiorari proceeding No. 60 was instituted by that officer on May 28, 1945, that is, 103 days after notice of the decision sought to be reviewed was served on him. The complainants urge that this court lacks jurisdiction to entertain said proceeding because it was instituted after the expiration of the statutory period therefor.

Let us consider first the jurisdictional question thus raised, since if it should prosper, it would dispense with the necessity of proceeding further in the matter.

In order to pass upon it, we must make a summary of the events antecedent to the case.

The decision sought to be reviewed was rendered on the 13th of February, 1945, and notified to the Treasurer on the 14th following. On March 12, 1945, the Treasurer filed in this court a petition for certiorari, which was docketed under

No. 43, praying for the review and reversal of said decision. After the writ was issued and notice thereof served on the interveners, the latter moved to dismiss the proceeding and alleged that up to that time, March 21, 1945 "the Treasurer has failed to file with the Tax Court of Puerto Rico, or to serve on the complainants notice of, the four computations which he is bound by law to make pursuant to the decision in their favor"; that the Treasurer should have waited, before instituting the proceeding, until the computations had been finally approved by the Tax Court; and that for that reason the proceeding was premature and should be dismissed. On April 20, 1945, three days before the date set for the hearing of the proceeding and of the motion for dismissal, the Treasurer filed his written consent to the dismissal sought. The motion for dismissal was granted by an order of April 23, 1945.

On April 19, 1945, the Treasurer filed in the office of the Secretary of the Tax Court a computation in each of the four cases in controversy. Said computations were notified to the taxpayers on April 17, 1945. On May 21, 1945, as no objection to said computations had been filed, the secretary of that tribunal notified the taxpayers of the finality of the decision rendered on February 13, 1945. On May 28, 1945, the Treasurer of Puerto Rico instituted the present proceeding for review.

The grounds for the motion to dismiss the proceeding are as follows:

(a) That the decisions of the Tax Court of Puerto Rico wherein no computation is ordered to be made, are final for the Treasurer from the date of service of notice thereof.

(b) That in the decision sought to be reviewed the Treasurer was not ordered to make any computation whatsoever.

(c) That since the right of appeal is a statutory one, the Treasurer lost it because of his failure to exercise it within the period of thirty days after notice of the decision was served on him, as provided by § 5 of Act No. 169 of 1943.

■ In *Island Needlework, Inc.* v. *Tax Court,* 65 P.R.R. 681, 684, decided on February 20, 1946, long after the present proceeding had been finally submitted, construing Rule No. 29 of the Rules of Practice of Tax Court of Puerto Rico, which became effective on August 15, 1943, we said:

"The most effective way to secure compliance with the law and the rules adopted by the Tax Court and to afford protection for the taxpayers and a more orderly procedure, would be to expressly provide in every decision rendered by the Tax Court wholly or partially adverse to a taxpayer, that the Treasurer should make a new computation of the tax which must be paid by the taxpayer in accordance with the terms of the decision, including in said computation the interest, surcharges, and penalties authorized by law. If the decision should be wholly adverse to the Treasurer and favorable to the taxpayer, the making of a new computation would be unnecessary, inasmuch as the taxpayer would not be bound to pay anything."

In accordance with the decision in the above-cited case, the computations notified by the Treasurer on April 17, 1945, were unnecessary, since the decision now sought to be reviewed was wholly adverse to the Treasurer and favorable to the taxpayers. However, our decision would be unjust if, disregarding the special circumstances of this case, we should decline jurisdiction over the proceeding instituted by the Treasurer.

■ The first proceeding, Certiorari No. 43, was instituted by the Treasurer within the period of 30 days, counted from the date on which notice of the decision sought to be reviewed was served on him, without any computation having been filed. The intervening taxpayers were the ones who moved for a dismissal and induced the Treasurer to consent thereto, by alleging that the proceeding was premature because the Treasurer had not filed or served the petitioners with notice of the "four computations which he is bound by law to make pursuant to the decision in their favor." Now,

after having urged that the computations were necessary, those same interveners alleged otherwise in an attempt to obtain the dismissal of the present proceeding.

Considering that the Treasurer of Puerto Rico was diligent in filing the first proceeding, Certiorari No. 43, and that he would have prosecuted it to a final determination but for the question raised by the interveners, we think that this court may and should use its discretion in the sense of treating this proceeding as a continuation of, or a petition for the reinstatement of, certiorari proceeding No. 43, which was filed within the statutory period.

The motion to dismiss is denied. Certiorari proceeding No. 43 will be reinstated, proceeding No. 60 will be dismissed, and the court will proceed to consider and decide the case on the merits.